LAWRENCE W. FREIMAN, Bar No. 288917
lawrence@freimanlaw.com
MICHAEL J. FREIMAN, Bar No. 280716
michael@freimanlaw.com
FREIMAN LAW
100 Wilshire Blvd., Ste. 940
Santa Monica, CA 90401
Telephone: 310.917-1024
Facsimile: 888.835-8511

Attorneys for Plaintiff
ANDREW MELONSON

MICHELLE R. BARRETT, Bar No. 197280
mfalconer@littler.com
LITTLER MENDELSON, P.C.
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Facsimile: 415.399.8490

KELSEY E. PAPST, Bar No. 270547
kpapst@littler.com
LITTLER MENDELSON, P.C.
500 Capitol Mall, Suite 2000
Sacramento, CA 95814
Telephone: 916.830.7200
Facsimile: 916. 561.0828

Attorneys for Defendant
TARGET CORPORATION

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW MELONSON,<br><br>             Plaintiff,<br><br>v.<br><br>TARGET CORPORATION; and DOES 1 through 20, inclusive,<br><br>             Defendant. | Case No. 2:15-cv-01466-TLN-DAD<br><br>**JOINT STATUS REPORT** |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT RULE 26(F) report                                    Case No. 2:15-cv-01466-TLN-DAD

Plaintiff Andrew Melonson (hereinafter "Plaintiff") and Defendant Target Corporation (hereinafter "Target" or "Defendant"), hereby submit their Joint Status Report pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure ("FRCP") and this Court's Order Requiring Joint Status Report, filed July 15, 2015 (Dock. 29).

## I. SUMMARY OF FACTUAL AND LEGAL CONTENTIONS

### A. Plaintiff's Factual and Legal Contentions.

Plaintiff was employed by Defendant as a warehouse worker. Plaintiff reported a work related cumulative injury to his shoulder to Defendant. Plaintiff was placed on light duty. After 3 months of light duty, Plaintiff was placed on temporary disability leave and had continuous physician appointments and physical therapy. Plaintiff subsequently underwent shoulder surgery. Defendant stopped accommodating Plaintiff's light duty restriction, even though Plaintiff could have continued working. Defendant did not engage in the interactive process and provide a reasonable accommodation. When Plaintiff was released by physician for full duty, Defendant refused to permit Plaintiff to return to work and terminated Plaintiff's employment. Defendant failed to hire Plaintiff for another open position to avoid providing accommodation and on the basis of his disability.

### B. Defendant's Factual and Legal Contentions.

Plaintiff reported an alleged work-related shoulder injury in December 2012 for which he filed a workers' compensation claim. Plaintiff was thereafter accommodated with two, 12-week light-duty work assignments and with extended leaves of absence while he received treatment. Because Plaintiff had already used much of his FMLA/CFRA leave prior to reporting his shoulder injury, Plaintiff exhausted his FMLA/CFRA leave in April 2013. Thus, after April 2013, all leave of absence time Plaintiff took was unprotected. Plaintiff was released to return to work in July 2014, at which time Target provided Plaintiff with a 60 day internal job search. No suitable position within Target was found for Plaintiff during this time. Therefore,

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

Plaintiff's employment was terminated in September 2014.

Plaintiff was not discriminated against, retaliated against, or wrongfully terminated because of his disability. Rather, Target accommodated Plaintiff for nearly two years while he received treatment for his shoulder. Because Plaintiff's leaves of absence were unprotected, Target was not obligated to return him to the same position in July 2014. Additionally, Target maintains that there is no evidence of discriminatory or retaliatory animus, and that it fully engaged in the interactive process with Plaintiff. As such, Plaintiff's claims are without factual or legal support.

## II. STATUS OF SERVICE

Defendant Target Corporation was served with the Complaint on May 7, 2015.

## III. JOINDER OF PARTIES / AMENDMENTS OF PLEADINGS

### A. Plaintiff's Anticipated Amendments.

Plaintiff does not anticipate adding additional parties or amending the pleadings based on the information known to it at this time.

### B. Defendant's Anticipated Amendments.

Target does not anticipate seeking to join any parties to this action or amending any pleadings at this time.

## IV. STATUTORY BASIS FOR JURISDICTION AND VENUE

Plaintiff originally filed this case in the California Superior Court for the County of Los Angeles. Target removed this matter on May 11, 2015 to the Central District of California on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and 1446(a). Plaintiff thereafter filed a Motion to Remand, and Target filed a Motion to Transfer Venue to the Eastern District of California pursuant to 28 U.S.C. § 1404(a).

On July 8, 2015, the Central District judge assigned to the case, Judge Otis Wright, denied Plaintiff's Motion to Remand and granted Target's Motion to Transfer Venue. (Dock. 23.) This case is therefore properly before this Court.

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT RULE 26(f) REPORT     3.     Case No. 2:15-cv-03526-ODW-Ex

## V. DISCOVERY PLAN

### A. Plaintiff's Discovery Plan.

1. The parties exchanged their initial disclosures under Rule 26(a) on July 31, 2015.

2. Plaintiff will conduct discovery related to all of its contentions.

3. Plaintiff has propounded a Request for Production and Special Interrogatories. Based on information obtained during discovery, Plaintiff will notice depositions.

4. Plaintiff is not aware of any issues relating to the timing, sequencing, phasing, or scheduling of discovery at this time. Plaintiff does not anticipate or request any changes to the FRCP discovery limitations.

5. Plaintiff's proposed discovery cut-off date for fact and expert discovery is April 23, 2016.

### B. Defendant's Discovery Plan.

1. The parties exchanged their initial disclosures under Rule 26(a) on July 31, 2015.

2. Target anticipates conducting discovery related to the above-described factual and legal contentions, including but not limited to: Plaintiff's alleged disability; Plaintiff's workers' compensation claim; Plaintiff's work restrictions and accommodations; Plaintiff's interactions with Target employees regarding his disability, work restrictions, accommodations, and similar matters; Plaintiff's leaves of absence; Plaintiff's medical records and release to work; Plaintiff's job search prior to his termination; Plaintiff's allegations of disability discrimination and failure to accommodate; Plaintiff's attempts, if any, to mitigate damages; any other related topics.

3. Target has noticed Plaintiff's deposition for September 28, 2015. Target anticipates deposing any individuals identified by Plaintiff in supplemental initial disclosures, in addition to any experts disclosed by Plaintiff. Target has

JOINT RULE 26(f) REPORT    4.    Case No. 2:15-cv-03526-ODW-Ex

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

propounded Interrogatories and Requests for Production of Documents, which responses are currently due on August 28, 2015, and may propound Requests for Admissions. Target intends to conduct additional written discovery related to the above-described factual and legal contentions as needed.

4. Target is not aware of any issues relating to the timing, sequencing, phasing, or scheduling of discovery at this time. Target does not anticipate or request any changes to the FRCP discovery limitations.

5. Target proposes the parties exchange expert disclosures under FRCP 26(a)(2) by February 26, 2016.

6. Target's proposed discovery cut-off date is January 15, 2016.

## VI. PROPOSED DATES FOR DISCOVERY, LAW AND MOTION, THE PRE-TRIAL CONFERENCE, AND TRIAL.

| | |
|---|---|
| Exchange of Initial Disclosures | Agreed Date: July 31, 2015 |
| Deadline for Hearing Non-Dispositive Motions | Plaintiff proposes: April 23, 2016<br>Defendant proposes: December 28, 2015 |
| Non-Expert Discovery Completion Date | Plaintiff proposes: April 23, 2016<br>Defendant proposes: January 15, 2016 |
| Disclosure of Expert Witnesses | Agreed Date: February 26, 2016 |
| Deadline to Disclose Rebuttal Expert Witnesses | Agreed Date: March 18, 2016 |
| Deadline For Filing Dispositive Motions | Plaintiff proposes: January 11, 2016<br>Defendant proposes: February 15, 2016 |
| Deadline for Hearing Dispositive Motions | Agreed Date: March 28, 2016 |
| Pre-trial conference | Agreed Date: April 25, 2016 |

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT RULE 26(f) REPORT     5.     Case No. 2:15-cv-03526-ODW-Ex

| Proposed Trial Date | Agreed Date: May 23, 2016 |

## VII. TRIAL

Plaintiff requests a jury trial. Defendant does not request a jury trial. The parties expect that trial in this matter will take five (5) court days.

## VIII. APPROPRIATENESS OF SPECIAL PROCEDURES / PROPOSED MODIFICATION OF STANDARD PRETRIAL PROCEDURES

Plaintiff requests the parties provide each other seventy-five (75) days notice prior to any hearing on any dispositive motion. Target opposes this request, and believes that the notice provisions provided under the Federal Rules of Civil Procedure are adequate.

Target anticipates requesting bifurcation of the issue of punitive damages should this case proceed to jury trial.

## IX. RELATED MATTERS

There are no related cases pending in this Court or any other court.

## X. PROSPECTS FOR SETTLEMENT

The parties have previously discussed the possibility of an early resolution of this case and have engaged in preliminary negotiations. If the parties are not able to resolve this dispute prior to trial, the parties are willing to attend a settlement conference. Target is willing to mediate this matter after taking Plaintiff's deposition, with the mediator's fees and costs to be split 50/50.

## XI. ADDITIONAL MATTERS

Plaintiff will waive any disqualification and consent to the trial judge acting as a settlement judge. Target does not stipulate to have the trial judge act as the settlement judge.

| | | |
|---|---|---|
| 1 | Dated: August 17, 2015 | FREIMAN LAW |
| 2 | | |
| 3 | | /s/ Lawrence W. Freiman |
| 4 | | LAWRENCE W. FREIMAN<br>MICHAEL J. FREIMAN |
| 5 | | Attorneys for Plaintiff<br>ANDREW MELONSON |
| 6 | | |
| 7 | Dated: August 17, 2015 | LITTLER MENDELSON, P.C. |
| 8 | | |
| 9 | | |
| 10 | | /s/ Kelesy E. Papst<br>MICHELLE R. BARRETT |
| 11 | | KELSEY E. PAPST<br>Attorneys for Defendant<br>TARGET CORPORATION |

Firmwide:135342952.4 052067.1488

LITTLER MENDELSON, P.C.
650 California Street
20th Floor
San Francisco, CA
94108.2693
415.433.1940

JOINT RULE 26(f) REPORT         7.         Case No. 2:15-cv-03526-ODW-Ex